UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

JEFFERSON DASILVA, and other similarly )
situated individuals, )
 )
            Plaintiff(s), )
 )
v. )
 )
ARQUIDEK 3, LLC. d/b/a HAUS d/b/a )
HAUS Remodeling Store; SANTANA & )
SANTANA CUSTOM WOODWORK, LLC; )
RUBEN RODRIGUEZ; and LUIS )
RODRIGUEZ, )
 )
            Defendants. )

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff JEFFERSON DASILVA ("Plaintiff") and other similarly situated individuals sue the Defendants ARQUIDEK 3, LLC. d/b/a HAUS d/b/a HAUS Remodeling Store; SANTANA & SANTANA CUSTOM WOODWORK, LLC; RUBEN RODRIGUEZ; and LUIS RODRIGUEZ (collectively the "Defendants"). In support of this complaint, Plaintiff alleges as follows:

### JURISDICTION

This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

1. The Defendants ARQUIDEK 3, LLC. d/b/a HAUS d/b/a HAUS Remodeling Store and SANTANA & SANTANA CUSTOM WOODWORK, LLC are companies duly authorized

and existing under the laws of the State of Florida and conducting business in Miami-Dade County, Florida.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff is a covered employee for purposes of the Act.

4. Defendants ARQUIDEK 3, LLC. d/b/a HAUS d/b/a HAUS Remodeling Store and SANTANA & SANTANA CUSTOM WOODWORK, LLC (the "Corporate Defendants") and RUBEN RODRIGUEZ and LUIS RODRIGUEZ (the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

5. The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

6. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

**JOINT EMPLOYMENT/ INTEGRATED ENTERPRISE/ AGENCY**

7. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law.

8. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law.

9. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10. At all times material, Plaintiff was employed by Defendants as a carpenter.

11. Plaintiff worked for Defendants from approximately September 4, 2020, through July 26, 2021.

12. Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

13. All conditions precedent to bringing this action have occurred, been performed or been excused.

14. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: UNPAID OVERTIME (CORPORATE DEFENDANTS) – FLSA

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as

liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

17. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

18. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market services and/or goods to customers from throughout the United States and also provides their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

19. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

20. By reason of the foregoing, the Corporate Defendant are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff

and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant.

21. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendant construction companies and, through their business activities, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a carpenter for the Corporate Defendants' business.

22. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 60-65 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a carpenter performing the same or similar duties as that of those other similarly situated carpenters whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

23. Plaintiff worked for Defendants from approximately September 4, 2020, through July 26, 2021.

24. In total, Plaintiff worked approximately 46 compensable weeks under the Act, or 46 compensable weeks if we count 3 years back from the filing of the instant action.

25. The Corporate Defendants paid Plaintiff on average approximately $22 per hour.

26. However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

27. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   a. Actual Damages: $10,120
      i. <u>Calculation</u>: $22 x .5 x 20 (weekly overtime hours) x 46 (compensable weeks)
   b. Liquidated Damages: $10,120
   c. Total Damages: $20,240 plus reasonable attorneys' fees and costs of suit.

29. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

30. The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

31. Upon information and belief, the Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

e. Grant such other and further relief as this Court deems equitable and just.

### COUNT II: UNPAID OVERTIME (INDIVIDUAL DEFENDANTS) – FLSA

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 above as if set out in full herein.

35. At the times mentioned, the Individual Defendants were, and are now, officers or owners of the of the Corporate Defendants.

36. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted

directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated.

37. The Individual Defendants had operational control of the Corporate Defendants, they directed the work of employees, told them exactly what to do, set their scheduled, reprimanded them, paid them wages, were involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

38. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

39. Upon information and belief, the Individual Defendants are relatives. They share offices and jointly direct the work of the Corporate Defendants' employees.

40. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

41. Plaintiffs have retained the law offices of the undersigned attorney to represent him in this action and are obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

a. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

b. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

   d. Award Plaintiff reasonable attorneys' fees and costs of suit; and

   e. Grant such other and further relief as this Court deems equitable and just.

Dated: January 21, 2022.

                Respectfully submitted,

                **By:  /s/ Aron Smukler**
                Aron Smukler, Esquire
                Fla. Bar No.: 0297779
                Email: asmukler@saenzanderson.com
                R. Martin Saenz, Esquire
                Fla. Bar No.: 0640166
                Email: msaenz@saenzanderson.com

                SAENZ & ANDERSON, PLLC
                20900 NE 30th Avenue, Ste. 800
                Aventura, Florida 33180
                Telephone: (305) 503-5131
                Facsimile: (888) 270-5549
                *Counsel for Plaintiff*